TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Rebecca Cornell,*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Cornell, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC, a Georgia corporation, and CitiMortgage, Inc., | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, REBECCA CORNELL, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains its registered agent in Maricopa County, Arizona; and

2

c.  CitiMortgage, Inc., ("Citi"), which is a Missouri corporation that

maintains its registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Citi Mortgage has misreported its trade line with account number 112018*

("Errant Trade Line") on Plaintiff's Equifax and Experian credit files as

"charged-off."

7. The loan, which is the subject of the Errant Trade Line, is regarding Mrs.

Cornell's second mortgage.  She had this loan modified by Citi.  As part of the

modification process, she was advised by Citi to refrain from paying the

monthly payment during the modification period because her first and second

mortgage were put on hold during this process.

8. After the loan modification was completed, Mrs. Cornell learned that Citi never

placed her second mortgage on hold.  Instead, Citi reported delinquencies on

her credit report.

9. On or about March 12, 2012, Mrs. Cornell paid her second mortgage in full.

10. On or about November 13, 2014, Mrs. Cornell obtained her Experian and

Equifax credit files and noticed that Citi continued to report the Errant Trade

Line with charged-off language on her credit reports.

3

11. On or about November 17, 2014, Mrs. Cornell received a letter from Citi, indicating that the loan related to the Errant Trade Line had been paid in full on March 12, 2012, and did not enter into foreclosure proceedings.

12. In December of 2014, Mrs. Cornell submitted letters to Experian and Equifax, disputing the charged-off language on the Errant Trade Line.

13. Upon information and belief, Defendants Experian and Equifax transmitted Mrs. Cornell's consumer dispute to Citi.

14. On or about March 3, 2015, Mrs. Cornell received Equifax's investigation results, which showed that Citi retained the status of the Errant Trade Line as a "charge-off."

15. On or about March 6, 2015, Mrs. Cornell received Experian's investigation results, which showed charged-off language on the Errant Trade Line.

16. On or about April 2, 2015, Mrs. Cornell submitted another letter to Experian, disputing the charged-off language on the Errant Trade Line.

17. On or about April 9, 2015, Mrs. Cornell submitted another letter to Equifax, disputing the charged-off language on the Errant Trade Line.

18. Upon information and belief, Defendants Experian and Equifax transmitted Mrs. Cornell's second consumer dispute to Citi.

4

19. On or about April 14, 2015, Mrs. Cornell received correspondence from Experian, which stated that it received a suspicious request and in an effort to safeguard Plaintiff's personal information from fraud, it would not be initiating any disputes based on the suspicious correspondence.

20. On or about April 22, 2015, Mrs. Cornell received Equifax's reinvestigation results which showed that Citi retained the charged-off language on the Errant Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITI

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Experian and Equifax of Mrs. Cornell's consumer dispute to the Errant Trade Line, Citi negligently failed to conduct a proper reinvestigation of Mrs. Cornell's disputes as required by 15 USC 1681s-2(b).

23. Citi negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove the charged-off language from the Errant Trade Line.

24. The Errant Trade Line is inaccurate and creates a misleading impression on Mrs. Cornell's consumer credit file with Experian and Equifax to which it is reporting such trade line.

25. As a direct and proximate cause of Citi's negligent failure to perform its duties under the FCRA, Mrs. Cornell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Citi is liable to Mrs. Cornell by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Mrs. Cornell has a private right of action to assert claims against Citi arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Citi for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITI

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Experian and Equifax that Mrs. Cornell disputed the accuracy of the information it was providing, Citi willfully failed to conduct a proper reinvestigation of Mrs. Cornell's dispute.

30. Citi willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of Citi's willful failure to perform its respective duties under the FCRA, Mrs. Cornell has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Citi is liable to Mrs. Cornell for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Citi for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Cornell as that term is defined in 15 USC 1681a.

7

35. Such reports contained information about Mrs. Cornell that was false, misleading, and inaccurate.

36. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Cornell, in violation of 15 USC 1681e(b).

37. After receiving Mrs. Cornell's consumer disputes to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Cornell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Equifax is liable to Mrs. Cornell by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff realleges the above paragraphs as if recited verbatim.

8

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Cornell as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mrs. Cornell that was false, misleading, and inaccurate.

43. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Cornell, in violation of 15 USC 1681e(b).

44. After receiving Mrs. Cornell's consumer disputes to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. Cornell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Equifax is liable to Mrs. Cornell by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Cornell as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mrs. Cornell that was false, misleading, and inaccurate.

50. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Cornell, in violation of 15 USC 1681e(b).

51. After receiving Mrs. Cornell's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Cornell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Experian is liable to Mrs. Cornell by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Cornell as that term is defined in 15 USC 1681a.

56. Such reports contained information about Mrs. Cornell that was false, misleading, and inaccurate.

57. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Cornell, in violation of 15 USC 1681e(b).

58. After receiving Mrs. Cornell's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59.As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Cornell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60.Experian is liable to Mrs. Cornell by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.


## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.


DATED: May 22, 2015                    KENT LAW OFFICES

1

2            By: _ /s/  Trinette G. Kent _____
            Trinette G. Kent
3           Attorneys for Plaintiff,
4           Rebecca Cornell

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28